THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES PRESTON SHIELDS                                                                        PLAINTIFF

v.                                              Civil No. 13-2260

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                               DEFENDANT

MEMORANDUM OPINION

Plaintiff, James Preston Shields, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.  **Procedural Background**

Plaintiff applied for DIB and SSI on January 11, 2011. (Tr. 8.) Plaintiff alleged an onset date of January 1, 2002 due to a broken neck, depression, he hears voices, he is suicidal, and an inability to handle stress and anxiety. (Tr. 232.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on September 7, 2012 in front of Administrative Law Judge ("ALJ") Edward M. Starr. Plaintiff was present to testify and was represented by counsel. (Tr. 30.). A second hearing was held on December 3, 2012 in front of ALJ Starr in order to obtain additional vocational evidence. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Larry Seifert. (Tr. 21.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the first administrative hearing, Plaintiff was 49 years old, and possessed an eighth grade education, special education track. (Tr. 38, 43.)The Plaintiff had no past relevant work experience ("PRW"). (Tr. 14.)

On January 24, 2013, the ALJ concluded that Plaintiff suffered from the following severe impairments: neck pain, mood disorder, and substance addiction disorder. (Tr. 10.) The ALJ found that Plaintiff maintained the residual functional capacity to:

> occasionally lift/carry 50 pounds and frequently 25 pounds. He can sit for 6 ours and stand/walk for 6 hours in an 8-hour workday. He can occasionally work overhead bilaterally. He can understand, remember, and carry out simple routine tasks. He can respond to supervision that is simple, direct, and concrete. He can occasionally interact with supervisors, co-workers and the public.

(Tr. 11-12.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as kitchen helper, machine packer, and warehouse worker. (Tr. 15.)

Plaintiff requested a review by the Appeals Council on January 31, 2013. (Tr. 4.)The Appeals Council denied the appeal on November 22, 2013. (Tr. 1.) Plaintiff filed this appeal on December 17, 2013. (ECF. No. 1.) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13.)

**II.    Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v.*

*Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion

Plaintiff raises four issues on appeal: 1) the ALJ erred in his assessment of severe impairments at Step Two; 2) the ALJ erred in not finding that Plaintiff's impairments met Listings; 3) the ALJ's RFC determination is inconsistent with the record; 4) Plaintiff cannot perform the jobs identified at Step Five.

Because this Court agrees that the RFC is inconsistent with the record, the other issues will not be addressed.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations).

Although the ALJ is responsible for determining claimant's Overall RFC, the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.) Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). Further, VE "[t]estimony based on hypothetical questions that do not encompass all relevant impairments cannot constitute substantial evidence to support the ALJ's decision." *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir.1991) (citing *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994)).

In this case, the Court is troubled by a material inconsistency between the medical records and the Physical RFC Assessment completed by Dr. Lucy Sauer on May 9, 2011. (Tr. 757.) Plaintiff underwent

4

a cervical x-ray on March 28, 2011 as part of a physical CE examination. Dr. Richard N. Brown's impression was as follows: "There is some fairly severe degenerative change of the cervical spine with reversal of the lordotic curvature. Scoliosis in the upper thoracic spine noted. Elongated C2 vertebra, probably a variant." (Tr. 725.) Unfortunately, the only Physical RFC in the record does not include either degenerative changes or scoliosis in the diagnoses considered, instead listing only chronic neck pain. (Tr. 750.) Nor does the Physical RFC include any postural limitations of the type normally seen with either degenerative disc disease or chronic neck pain. (Tr. 752.) The lack of postural limitation is also inconsistent with the CE exam clinical findings that Plaintiff exhibited flexion, extension, and rotation issues in the cervical spine due to pain. (Tr. 728.) Thus, the Physical RFC relied upon by the ALJ does not appear to accurately reflect Plaintiff's medical evidence. *See Draper v. Barnhart,* 425 F.3d 1127, 1130 (8th Cir. 2005) ("inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand"). On remand, the ALJ is directed to order a new Physical RFC, preferably by a treating or examining physician.

In regard to Plaintiff's Mental RFC, there are two assessments in the record. The first was completed by non-examining Agency Physician Dr. Sheri Simon on December 30, 2011. (Tr. 802.) This RFC indicates at most moderate limitations in several categories, and no significant limitations in the rest based on a diagnosis of Mood Disorder NOS. (Tr. 800-802.) The second is the medical source statement completed by CE Dr. Spray on September 12, 2012. He assessed moderate, marked and extreme limitations in Plaintiff's ability to understand, remember, and carry out instructions due to Plaintiff's limited cognitive function (mild mental retardation), poor short-term memory, poor long-term memory, and one factor which is illegible on the report. (Tr. 837.) He assessed marked limitation in Plaintiff's ability to interact appropriately with others due to distrust of others, atypical thinking, and paranoid ideation. (Tr. 838.) He also assessed marked limitations for persistence and ability to complete tasks in a timely manner. (Tr. 838.) The ALJ gave "great weight" to the nonexamining Mental RFC. He gave Dr. Spray's medical

AO72A
(Rev. 8/82)

source statement "little weight" because it was "not supported by the evidence of record or his own report with regard to the claimant's mental capabilities and limitations." (Tr. 14.)

Unfortunately, this Court was not able to discern the inconsistency between Dr. Spray's CE report and his RFC assessment. In his CE, Dr. Spray diagnosed Plaintiff with Possible Schizophrenia (paranoid type), Alcohol Abuse, and Mild Mental Retardation. He assigned a GAF score of 40-50. (Tr. 765.) In discussing his adaptive functioning, he noted that Plaintiff has never had a driver's license, does not shop, and family members always manage his money. He noted that the Plaintiff has no history of independent living. (Tr. 766.) He doesn't cook because his family doesn't trust him behind the stove. He can't do laundry because he "put the wrong stuff in'em." He helps out by sweeping. He has no hobbies. He notes that Plaintiff " has difficulty trusting anyone." (Tr. 765.) He noted that "[h]is responses show limited fund of general information, extremely poor short term memory, limitations in delayed recall, poor attention and concentration, poor math and abstract verbal reasoning skills. (Tr. 765-66.) He noted that attention and concentration are poor, and persistence is extremely poor. He noted that his pace is slow and Plaintiff would have difficulty completing tasks in a timely manner. He noted that Plaintiff reported that he couldn't keep a job for longer than a month, as he is forgetful, has difficulty keeping up, and has complaints from management. (Tr. 766.)

Thus, a remand is necessary in order to afford the ALJ the opportunity to further explain the inconsistency he relied upon, at least in part, to dismiss Dr. Spray's medical source statement. *See Draper,* 425 F.3d at 1130 ("inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand"). A remand will also provide an opportunity for the ALJ to discuss the GAF scores of 40-50 assigned by Dr. Spray and the GAF score of 40-45 assigned by CE Patricia Walz in her abbreviated consultative examination. Her examination was terminated because Plaintiff didn't want to be there and was "so irritable and volatile" that she was "afraid he would lose his temper." (Tr. 733.) Her

diagnosis was Probable Schizophrenia, (Paranoid Type), Alcohol Abuse, and Mild Mental Retardation v. Borderline Intellectual Functioning. (Tr. 733.)

### IV.  Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of December 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)